| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **TRENK, DiPASQUALE, WEBSTER,**<br>**DELLA FERA & SODONO, P.C.**<br>347 Mt. Pleasant Avenue, Suite 300<br>West Orange, NJ 07052<br>(973) 243-8600<br>Richard D. Trenk (RT6874)<br>Thomas M. Walsh (TW0645)<br>*Counsel to Debtors and*<br>*Debtors-in-Possession* |
| In re:<br><br>BEACON VILLAGE, LLC, et al.<br><br>Debtors. |

FILED
JAMES J. WALDRON, CLERK
APR 28 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Chapter 11

Case No. 10-21397 (MS)
Jointly Administered

Honorable Morris Stern

## INTERIM ORDER AUTHORIZING
## DEBTORS' USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED.**

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

This matter is before the Court on the motion (the "Motion") of the above-captioned Debtors ("Debtors") for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by Debtors to the (1) the United States Trustee, (2) Debtors' secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not, to the twenty (20) largest creditors on the Rule 1007(d) list. The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. Notice and Hearing. Notice of the motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on Debtors' use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule Procedure 4001(b), or if by Consent, under Federal Rule of Bankruptcy Procedure 4001(d) which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B. Chapter 11 Filed. Debtors filed their petitions under Chapter 11 of the Bankruptcy Code on April 15, 2010 (the "Petition Date"), and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C. Pre-Petition Debt. Sovereign Bank (the "Secured Creditor") has asserted secured claims against Debtors' estates in no less than the following amounts as of the Petition Date: $2,475,000 against the estate of Beacon Village, LLC; $6,780,020 against the estate of

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

Allentown Apartments, LLC; and $1,006,000 against the estate of Tudor Arms, LLC (collectively, the "Pre-Petition Debt").

D. Pre-Petition Collateral. Debtors presently assert that the Secured Creditor has a properly perfected lien on Debtors' properties (including proceeds) at the commencement of the case, including assignments of leases and rents, and security interests in the Debtors' accounts, inventory and other collateral some of which is or may result in cash collateral.

E. Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

F. Necessity and Best Interest. Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in Chapter 11. Debtors require immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtors' use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to their estates pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtors' budgets, annexed hereto as **Exhibit A,** for the time period from April 15, 2010 through May 10, 2010 (the "Interim Period").

Case 10-21397-MS    Doc 32    Filed 04/28/10    Entered 04/28/10 14:50:16    Desc Main
Document    Page 4 of 13

(Page 4)

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

G. Purposes. Debtors are authorized to use cash collateral to meet the ordinary cash needs of Debtors (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of Debtors set forth on Exhibit A, subject to the exceptions listed below, to (a) maintain and preserve their assets, and (b) continue operation of their businesses, including but not limited to utilities, taxes, insurance, and maintenance fees.

H. The Secured Creditor asserts that the rental revenue generated from the Debtors' real properties is not property of the Debtors' estates and therefore is not cash collateral within the meaning of Section 363(a) of the Bankruptcy Code. Nonetheless, the Secured Creditor consents to the Debtors' use of certain of the rental revenue, pursuant to the budgets annexed as Exhibit A, during the Interim Period, subject to an express reservation of all rights, as set forth herein.

Based upon the agreement between the Debtors and the Secured Creditor, the Court having determined to allow the Debtors' use of cash collateral and rental revenue, and for good cause shown, it is

**ORDERED**, as follows,

1. Use of Cash Collateral. The Debtors are hereby authorized to utilize the cash collateral and rental revenue on an interim basis during the Interim Period in accordance with the cash collateral budgets annexed hereto as **Exhibit A**. Notwithstanding the foregoing, the Debtors shall not pay any expenses listed for the line items designated "Water," "Legal & Accounting," "Management Fee," or "Capital Expenditure" during the Interim Period. Upon expiration of the Interim Period, the Debtors shall not have the right to use rental income for any purpose, pending a further order of the Court.

(Page 5)

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

2. **Adequate Protection.** As adequate protection for use of cash collateral, the Secured Creditor is GRANTED:

    a. **Replacement Lien.** A replacement perfected security interest against any and all assets owned by the Debtors under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by Debtors and for any diminution in value of the Secured Creditor's Pre-Petition Collateral, to the extent and with the same priority in Debtors' post-petition collateral, and proceeds thereof, that the Secured Creditor held in Debtors' pre-petition collateral.

    b. **Payments.** The Debtors shall pay to the Secured Creditor as adequate protection all excess cash generated from the Debtors' operations existing as of April 30, 2010 after payment of the expenses set forth in the budgets annexed as Exhibit A. The adequate protection payment shall be made to the Secured Creditor by no later than May 4, 2010.

    c. **Statutory Rights Under Section 507(b).** To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interest in and to the case collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

    d. **Deemed Perfected.** The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditor, Debtors shall execute and deliver

(Page 6)

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in Debtors' post-petition collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive, file and record the foregoing at the Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

  e. Periodic Accountings. On or before May 5, 2010 at noon, Debtors shall provide an accounting to the Secured Creditor setting forth the cash receipts and disbursements made by Debtors under this Order. In addition, Debtors shall provide the Secured Creditor all other reports required by the pre-petition loan documents and any other reports reasonably required by the Secured Creditor, as well as copies of Debtors' monthly United States Trustee operating reports. Upon appointment of a Creditor's Committee, Debtors shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

  f. Default Hearing. In the event Debtors default or violate this Order, the Secured Creditor is entitled to request a hearing within three (3) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours). For purposes of this Order, however, Debtors shall not be deemed to be in default for any deviation from the budgets provided such deviation is not more than ten (10%) percent of the budgeted disbursements, either on a cumulative basis or with regard to any specified budgeted line item.

  3. Creditor's Rights of Inspection and Audit. Upon reasonable notice by the Secured Creditor, Debtors shall permit such creditor and any of its agents reasonable and free

Case 10-21397-MS    Doc 32    Filed 04/28/10    Entered 04/28/10 14:50:16    Desc Main
Document    Page 7 of 13

(Page 7)

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

access to the Debtors' records and places of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtors' cash receipts and disbursements.

4. **Interlocutory Order and No Modification of Creditor's Adequate Protection.** This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditor to the relief granted herein; (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to Debtors and other parties-in-interest entitled to notice of same; or (c) require the Secured Creditor to make any further loans or advances to Debtors. The Order may be modified for cause shown by Debtors, the Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Secured Creditor of its interest in Debtors' property (pre-petition and post-petition).

5. **Reservation of Rights.** Notwithstanding the Secured Creditor's consenting to the Debtors' use of rents during the Interim Period, the Secured Creditor expressly reserves any and all rights to object to the Debtors' use of the rents after the expiration of the Interim Period, based upon, without limitation, the Secured Creditor's assertion that the rents do not constitute property of the Debtors estates and are therefore not cash collateral.

6. **Final Hearing Order.** Any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for Debtors and counsel for the Secured Creditor on or before the 5th day of May, 2010, a written objection and shall appear to advocate said objection at a Final Hearing to be held at 11:00 a.m. on May 10, 2010 in Courtroom 3A of the United States Bankruptcy Court, Newark, New Jersey. In the

| | |
|---|---|
| Debtors: | Beacon Village, LLC, et al. |
| Case Nos.: | 10-21397 (MS) (Joint Administered) |
| Caption of Order.: | Interim Order Authorizing Debtors' Use of Cash Collateral |

event no objections are filed or not advocated at such hearing, then this Order shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

7.   Notice Order. Debtors shall serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors, including the Secured Creditor, and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtors' twenty (20) largest Rule 1007(d) unsecured creditors. Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

F:\WPDOCS\A-M\Connolly Properties\Beacon Village, LLC\CASH COLLATERAL - Interim Orde(BL).doc

## OVERRIDING PROVISION

Notwithstanding anything to the contrary in this Order, or in any agreements or other documents filed in support of the issuance of this Order, no approval is given to any provision contained in this Order or supporting agreements or other documents which is an "Extraordinary Provision" (as that term is utilized in this Court's applicable Guidelines). Moreover, this is an Interim Order having only the limited binding effect anticipated in the ordinary course by the Guidelines. No substantial cause has been shown, nor compelling circumstances evidenced, nor reasonable notice given, to justify any Extraordinary Provisions or extended binding effect of or through this Interim Order.

# EXHIBIT "A"

## Operating Budget

| Beacon Village | | | |
|---|---|---|---|
| | post petition Apr-10 | May-10 | Jun-10 |
| Net Rental Income | 1,548 | 36,174 | 41,670 |
| Other Income | 1,412 | 1,884 | 2,163 |
| Total Income | 2,961 | 38,057 | 43,832 |
| **Expenses** | | | |
| Maintenance & Repair | 2,562 | 4,420 | 4,420 |
| Electricity | 612 | 1,224 | 1,224 |
| Water | | 2,040 | 2,040 |
| Sewer | 1,870 | 3,740 | 3,740 |
| Trash Collection | 340 | 680 | 680 |
| Natural Gas | 1,381 | 829 | 829 |
| Oil | 1,293 | 2,586 | 1,586 |
| Utility Deposits | | 4,854 | 4,854 |
| Bank Account Fees | 136 | 136 | 136 |
| Legal & Accounting | | 1,855 | 1,855 |
| Fees & Permits | 44 | 87 | 87 |
| Direct Payroll | 2,788 | 5,576 | 5,576 |
| Management Fee 6% | | 2,283 | 2,630 |
| Property Taxes | | 18,915 | |
| Turnover | 952 | 952 | 952 |
| Total Expenses | 11,978 | 50,177 | 30,609 |
| Net Operating Income | -9,017 | -12,120 | 13,224 |

## Operating Budget

| | Tudor Arms | | |
|---|---|---|---|
| | post petition Apr-10 | May-10 | Jun-10 |
| Net Rental Income | 0 | 20,063 | 20,050 |
| Other Income | 776 | 774 | 776 |
| Total Income | 776 | 20,837 | 20,826 |
| **Expenses** | | | |
| Maintenance & Repair | 675 | 1,350 | 1,350 |
| Electricity | 203 | 405 | 405 |
| Water | | 1,215 | 1,215 |
| Sewer | 1,080 | 2,160 | 2,160 |
| Trash Collection | 135 | 270 | 270 |
| Natural Gas | 83 | 50 | 50 |
| Oil | 1,232 | 2,464 | 1,464 |
| Utility Deposits | | 3,121 | 3,121 |
| Bank Account Fees | 27 | 54 | 54 |
| Legal & Accounting | | 1,431 | 2,431 |
| Fees & Permits | 27 | 53 | 53 |
| Direct Payroll | 945 | 1,890 | 1,890 |
| Management Fee 6% | | 1,250 | 1,254 |
| Property Taxes | | 11,974 | |
| Elevator | | 500 | 500 |
| Turnover | 378 | 378 | 378 |
| Total Expenses | 4,785 | 28,566 | 16,596 |
| Net Operating Income | -4,009 | -7,729 | 4,230 |

## Operating Budget

| Allentown Apartments LLC | | | |
|---|---|---|---|
| | post petition Apr-10 | May-10 | Jun-10 |
| Net Rental Income | 36,386 | 75,720 | 84,977 |
| Other Income | 1,901 | 2,153 | 2,404 |
| Total Income | 38,287 | 77,873 | 87,381 |
| **Expenses** | | | |
| Maintenance & Repair | 4,450 | 8,900 | 8,900 |
| Electricity | 1,424 | 2,848 | 2,848 |
| Water & Sewer | | 3,026 | 3,026 |
| Trash Collection | 1,242 | 2,484 | 2,484 |
| Natural Gas | 1,470 | 882 | 882 |
| Oil | 2,246 | 4,492 | 2,492 |
| Utility Deposits | | 2,098 | 2,098 |
| Bank Account Fees | 534 | 1,068 | 1,068 |
| Legal & Accounting | | 1,356 | 1,356 |
| Fees & Permits | 87 | 175 | 175 |
| Insurance | 0 | 0 | 0 |
| Direct Payroll | 9,167 | 18,334 | 18,334 |
| Management Fee | | 3,115 | 3,495 |
| Property Taxes | | 15,122 | 15,122 |
| Adequate Protection | 0 | 0 | 0 |
| Turnover | 2,136 | 2,136 | 2,136 |
| Total Expenses | 22,756 | 66,036 | 64,416 |
| Net Operating Income | 15,531 | 11,837 | 22,964 |